**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHAEL THURSTON,**

      Plaintiff,

v.                                                                 Civil Action No. **3:24CV487 (RCY)**

**OFFICERS OF THE HENRICO COUNTY**
**POLICE DEPARTMENT,** *et al.*,

      Defendants.

**MEMORANDUM OPINION**

Michael Thurston, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation of Thurston's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, Thurston's Particularized Complaint (ECF No. 14) and the action will be DISMISSED as barred by the statute of limitations.

**I. PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The frivolous standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se*

complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint, *see Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS

In October of 2020, as part of a bond agreement, the Circuit Court for the City of Buena Vista issued an order that Thurston and Tabitha Inge have no contact.  ECF No. 14, at 1.[1]  Between December 13, 2020, and February 8, 2021, Inge repeatedly violated that no contact order.  *Id.* at 3–4.    Thurston reported these violations to the Henrico County Police officers named as Defendants here and they refused to do anything.  *Id.*  On February 10, 2021, some Henrico County Police officers arrived at Thurston's home, arrested him, and took him to the hospital for a mental breakdown.  *Id.* at 4.

Thurston claims these actions and omissions violated his right to due process and equal protection.  *Id.* at 8.

## III.  ANALYSIS

Under 28 U.S.C. § 1915A, the Court must dismiss claims that the relevant statute of limitations clearly bars.  *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)).  Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state.  *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261,

---

[1] The Court employs the pagination assigned by CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spelling in the quotations from Thurston's submissions.

266–69 (1985)).  Virginia applies a two-year statute of limitations to personal injury claims.  *See* Va. Code Ann. § 8.01–243(A) (West 2025).  Thus, Thurston should have filed this action within two years from when the underlying claims accrued.  "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists."  *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Here, Thurston's claims accrued at the latest as of February 10, 2021.  Thus, for Thurston's claims to be timely, he was required to file his original complaint by February 10, 2023.  Thurston, however, did not file his original complaint in this matter until June 25, 2024.[2]  Thus, Thurston's claims are barred by the relevant statute of limitations.  Accordingly, the action will be DISMISSED.

### IV.  CONCLUSION

Thurston's claims and the action will be DISMISSED for failure to state a claim and as legally frivolous, because they are time-barred.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

                                                                    /s/ RCY
                                                     Roderick C. Young
Date:   March 24, 2025                               United States District Judge
Richmond, Virginia

---

[2] This is the date Thurston executed his original complaint and presumably placed it in the prison mail system.  ECF No. 1, at 1–2.  The Court deems the action filed as of that date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).